UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LINDA JOHNSON, *et al.* and All Others Similarly Situated, ) | CIVIL ACTION |
| ) | |
| *Plaintiffs* ) | CASE NO. 2:2007-cv-00051 |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| KOCH FOODS, LLC, ) | Judge Leon Jordan |
| ) | |
| *Defendant*. ) | |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiffs respectfully move this Court for an order granting summary judgment as to their claims against Defendant Koch Foods, LLC ("Koch") for failing to compensate them in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

Koch pays Plaintiffs, who are all hourly-paid chicken processing line workers, based on the time the production line runs ("line time"). As a part of their work for Koch, Plaintiffs perform certain work activities without pay, including: (1) retrieving of, donning of, and doffing of required and necessary sanitary and protective gear and equipment at the supply room area of the plant; (2) sanitizing and washing required protective gear and equipment and washing of hands near the entrance to the production floor; (3) walking to and from the supply room area, the washing stations near the entrance to the production floor, and their workstations on the

production line.  Each of these activities is perform before their paid shift begins, during their unpaid breaks, and after their paid shift has ended.

Because Koch fails to pay Plaintiffs for these activities, which are integral and indispensable to their principal activity of processing *uncontaminated* chicken, Koch is in violation of the *continuous workday* rule.  *See Alvarez,* 546 U.S. at 28*, quoting* 29 C.F.R. 790.6(a).  Based on the Supreme Court's decision in *Alvarez*, as well as other controlling legal authority, Koch must pay Plaintiffs from the time they retrieve their first piece of required gear or equipment before their work on the line begins to the time they return or dispose of their last piece of gear or equipment after their work on the line has ended – and for ***any*** activity that occurs between the first and last principal activities of the employee's workday.  *See Alvarez,* 546 U.S. at 28*, quoting* 29 C.F.R. 790.6(a).  Because the liability questions presented in this action simply require a determination of whether the activities for which Plaintiffs are not compensated constitute "work" under the FLSA, Plaintiffs' claims are appropriate for summary judgment.  *See Farmer v. Ottawa Country*, 2000 U.S. App. LEXIS 7224 (6th Cir. 2000) citing *Birdwell v. City of Gadsen, Ala.*, 970 F.2d 802, 807 (11th Cir. 1992) (holding that the question of whether a particular set of facts and circumstances constitutes "work" under the FLSA is a question of law).

For these reasons, Plaintiffs request that this Court enter summary judgment on their claims that Koch is liable for failing to pay them, based on the continuous workday principle, from the beginning of their workday – *i.e.* the retrieval of a Koch-issued smock or Koch–issued boots (whichever is retrieved first) – to the end of their workday – *i.e.* the disposal of their soiled Koch-issued smock or the returning of their Koch–issued boots (whichever occurs last).

Plaintiffs also move for summary judgment with respect to Koch's liability for failing to provide them with a *bona fide* meal period pursuant to 29 C.F.R. § 785.19. Koch automatically docks Plaintiffs 30 minutes of pay each shift for a so-called meal period even though Plaintiffs perform work (i.e. the required donning, and washing as well as walking to and from their workstation on the production line to their wash stations and to their break room) during their uncompensated meal period and are not completely relieved from duty for the entire 30 minutes of unpaid time. Moreover, Koch is the predominant beneficiary of this break time. As such, the Plaintiffs are not provided a *bona fide* meal period and must be compensated for this unpaid period of time. *See* 29 C.F.R. § 785.19. *Hill v. United States*, 751 F.2d 810, 814 (6th Cir. 1984), *cert. denied*, 474 U.S. 817 (1985); T.C.A. § 50-2-103 (mandating that, in Tennessee, Plaintiffs' meal periods must be 30 minutes), see also *Yates v. Hertz Corp.*, 285 F. Supp. 2d 1104, 1115 (M.D. Tenn. 2003) (holding that hourly works in Tennessee have statutory right to a 30 minute meal period).

Finally, Plaintiffs move for summary judgment with respect to their claim for liquidated damages pursuant to § 216(b) of the FLSA. Koch has failed to meet its burden to establish that it acted in good faith. 29 U.S.C. § 259. Because the undisputed material facts show that Koch failed to act with subjective good faith and objective reasonableness with respect to its failure to properly compensate its Morristown workers for all hours or work, Plaintiffs are entitled to liquidated damages on their claims. 29 U.S.C. § 216(b).

For these reasons, Plaintiffs respectfully request that Court grant summary judgment in their favor on these issues of Koch's liability. The remaining issue for trial is a determination of the amount of damages to which Plaintiffs are entitled.

In support of their Motion for Summary Judgment, Plaintiffs have filed a Memorandum. Plaintiffs' Memorandum as well as the exhibits and deposition transcripts referenced in their Memorandum have been filed with the Court under seal, pursuant to the operative Protective order in this case. (Doc. No. 29). Plaintiffs have served counsel to Koch with a copy of their Memorandum via electronic service on the date of the filing of this Motion.

Dated: May 8, 2009

Respectfully submitted,

/s/ David W. Garrison
**GEORGE E. BARRETT**
DOUGLAS JOHNSTON
**EDMUND L. CAREY, JR.**
**GERALD E. MARTIN**
**DAVID W. GARRISON**
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201
(615) 244-2202

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the *Plaintiffs' Motion for Summary Judgment* has been served on the following via the Court's electronic filing system on this the 8th day of May, 2009:

Russell W. Gray, Esq.
Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
1800 Republic Centre
633 Chestnut Street
Chattanooga, TN 37450

/s/ David W. Garrison
DAVID W. GARRISON (BPR24968)
BARRETT, JOHNSTON & PARSLEY